**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PARTIALLY IMPORTANT PRODUCTIONS, LLC<br>555 West 57th Street, 8th Floor<br>New York, NY 10019<br><br>     Plaintiff,<br><br>- v. -<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES<br>c/o Office of the General Counsel<br>245 Murray Lane, SW Mail Stop 0485<br>Washington, D.C. 20528-0485<br><br>     Defendant. | Case No. _____<br><br>**CIVIL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 et seq.** |

  Plaintiff Partially Important Productions, LLC ("Plaintiff" or "Partially Important Productions") by and through its undersigned attorney, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, for declaratory, injunctive, and other appropriate relief to compel the disclosure and release of documents from Defendant United States Citizenship and Immigration Services ("Defendant" or "USCIS"). In support thereof, Plaintiff alleges as follows:

**INTRODUCTION**

  1. Plaintiff Partially Important Productions, which produces HBO's *Last Week Tonight with John Oliver* ("*Last Week Tonight*"), brings this FOIA action to enjoin USCIS from continuing to improperly withhold agency records responsive to a FOIA request submitted by an employee of Partially Important Productions on January 24, 2020 (the "Request"). This Request sought documents concerning settlement negotiations between the musician Lee Greenwood ("Mr. Greenwood") and USCIS over USCIS' alleged copyright infringement of Mr. Greenwood's song, *God Bless the USA*. It also sought a copy of the current Naturalization Ceremony Presentation used

by USCIS.

2.      According to a 2019 report by a Department of Homeland Security contractor, a video that USCIS played for many years at naturalization ceremonies across the country used, without authorization, Mr. Greenwood's song, *God Bless the USA* as part of the video's soundtrack.[1] USCIS' infringing use of the song was noticed by a member of Mr. Greenwood's staff, resulting in USCIS entering "costly settlement negotiations (represented by DOJ) to compensate Greenwood and avoid potentially more costly litigation."[2]

3.      This FOIA action is necessary because over the last year and a half, Defendant has failed to comply with its obligations under FOIA and continues to unlawfully withhold records responsive to the Request in defiance of FOIA mandates.

4.      The Freedom of Information Act "focuses on the citizens' right to be informed about 'what their government is up to,'" by requiring the release of "[o]fficial , that sheds light on an agency's performance of its statutory duties." *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted).  "[D]isclosure, not secrecy, is the dominant objective" of FOIA.  *Dept't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (internal quotation marks and citations omitted).

5.      Partially Important Productions, its news producers, and shows like *Last Week Tonight* play a critical role in providing information to citizens about "what their government is up to." Indeed, the First Amendment is meant to enable media to play an "essential role in our democracy," to "bare the secrets of government and inform the people." *New York Times. Co. v. United States*, 4a03 U.S. 713, 717 (1971) (Black, J. concurring).

6.      Through its Request, Plaintiff seeks to shine a public light on USCIS' taxpayer-funded settlement with Mr. Greenwood for alleged copyright infringement.  Accordingly, Plaintiff

---

[1] Geoffrey McGovern, Maria McCollester, Douglas C. Ligor, Sheng Tao Li, Douglas Yeung & Laura Kupe, *The Role of Intellectual Property in U.S. Homeland Security*, HOMELAND SECURITY OPERATIONAL ANALYSIS CENTER OPERATED BY THE RAND CORPORATION 53 (2019), available at https://www.rand.org/content/dam/rand/pubs/research_reports/RR3000/RR3039/RAND_RR3039.pdf.
[2] *Id.* at 53, 72.

brings this action to compel Defendant USCIS to immediately process and release to Plaintiff all responsive records that it has unlawfully withheld.

## PARTIES

7.      Plaintiff Partially Important Productions, LLC is a television production company based in New York, New York. It produces the Emmy Award-winning comedy and news satire show *Last Week Tonight with John Oliver*, which first premiered in April 2014 on HBO. Each episode of *Last Week Tonight* comments on recent news events and does a "deep dive" on a complex or underreported sociopolitical topic, such as the death penalty, net neutrality, civil asset forfeiture, pay-day loans, the Mueller report, Brexit, and corruption in state legislatures. *Last Week Tonight*'s coverage of certain issues has led to real-world effects and policy changes.[3]

8.      Defendant U.S. Citizenship and Immigration Services is a component agency of the Department of Homeland Security and is an agency within the meaning of 5 U.S.C. § 552(f)(1). Defendant USCIS is responsible for adjudicating petitions and applications for certain immigration benefits in the United States, including naturalization. Partially Important Productions is informed and believes that USCIS has possession and control of the records sought by the Request.

## JURISDICTION

9.      This Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 701-706, and 28 U.S.C. § 1331.

## VENUE

10.     Venue in the District of the District of Columbia is proper under 5 U.S.C. § 552(a)(4)(B).

## FACTS

11.     Over a year and a half ago, on January 24, 2020, Maren McGlashan ("Ms. McGlashan"), in her capacity as an employee of Partially Important Productions and a news producer on *Last Week Tonight*, submitted a FOIA request to USCIS. *See* Ex. A (the "Request").

---

[3] Victor Luckerson, *How the 'John Oliver Effect' Is Having a Real-Life Impact*, TIME (July 10, 2015), https://time.com/3674807/john-oliver-net-neutrality-civil-forfeiture-miss-america/.

3

The Request sought the release of "Any documents concerning settlement negotiations between the musician Lee Greenwood and USCIS (or a related agency, perhaps DHS or DOJ) over USCIS's alleged copyright infringement of Greenwood's song 'God Bless the USA.'" *Id.* It further sought "a copy of the [] current Naturalization Ceremony Presentation (as of January 2020), including, but not limited to: any audiovisual materials dispersed to USCIS field offices, such as powerpoints, pre-approved music videos, or scripts for presenters." *Id.*

12. Ms. McGlashan also requested a fee waiver, because the materials sought were in the public interest. In the alternative, Ms. McGlashan requested that she be categorized as a member of the news media for fee purposes pursuant to 32 C.F.R. 1900.02(h)(3). *Id.*

13. On February 4, 2020, Ms. McGlashan sought expedited processing of the Request based on an "urgency to inform the public about an actual or alleged federal government activity", highlighting that "government resources – taxpayer dollars and government lawyers – seem to have been used in these settlement negotiations." *See* Ex. B.

14. On February 12, 2020, Ms. McGlashan received an acknowledgement of the Request from Defendant USCIS. *See* Ex. C. This acknowledgement granted Plaintiff's request for a fee waiver. *See id.* It also invoked a 10-day extension to respond to the Request, because "due to the scope and nature of your request, USCIS will need to locate, compile, and review responsive records from multiple offices, both at headquarters and in the field. USCIS may also need to consult with another agency or other component of the Department of Homeland Security that have a substantial interest in the responsive information." *See id.* Accordingly, USCIS' final determination of Plaintiff's Request was statutorily due on March 9, 2020.

15. On February 21, 2020, Ms. McGlashan received a letter from Defendant USCIS denying the request for expedited processing. *See* Ex. D. On September 14, 2020, because the Request had been pending for more than seven months without a determination—long past the statutory March 9, 2020 due date—Ms. McGlashan sought expedited processing on the Request again from USCIS. *See* Ex. B. However, USCIS refused the request for expedited processing, informing her that the request for expedited processing had already been submitted in February

4

2020. *See id.*

16. It has now been 19 months since Plaintiff first submitted the Request and over 17 months since USCIS' final determination to Plaintiff was due. In that time, USCIS has failed to issue a determination on the Request let alone produce responsive documents. Because Defendant has not complied with the statutory time limits set forth in the FOIA statute, Plaintiff's administrative remedies relating to the Request are considered exhausted under 5 U.S.C. § 552(a)(6)(C)(i).

## CAUSE OF ACTION
### (Violation of the Freedom of Information Act)
### 5 U.S.C. § 552(a)

17. Plaintiff incorporates the above paragraphs as if set forth fully herein.

18. Defendant USCIS has a legal duty under FOIA to determine whether to comply with a request within 20 working days after receiving the Request (or within 30 working days upon invoking an extension). Defendant also has a legal duty to timely notify the requester of the agency's determination and the reasons therefore.

19. Plaintiff has a legal right under FOIA to obtain the agency records it requested in its Request. There is no legal basis for Defendant's failure to timely respond to Plaintiff's Request and provide all records responsive to the Request to Plaintiff.

20. Defendant has violated 5 U.S.C. § 552(a)(6)(A)-(B) and applicable regulations promulgated thereunder by failing to determine whether to comply with Plaintiff's Request and communicate such determination to Plaintiff within 30 working days.

21. Defendant's failure to timely release agency records in response to Plaintiff's Request has violated 5 U.S.C. § 552(a)(3)(A).

22. 5 U.S.C. § 552(a)(4)(B) authorizes the grant of injunctive relief to Plaintiff because Defendant continues to flout FOIA and improperly withhold agency records. Because Defendant's refusal to respond to Plaintiff's Request prevents Plaintiff from educating the public about USCIS' use of taxpayer resources to settle Mr. Greenwood's claim for USCIS' alleged copyright

infringement, Plaintiff will continue to suffer irreparable injury from Defendant's withholding of responsive government documents in defiance of FOIA mandates.

23. 28 U.S.C. § 2201 authorizes declaratory relief because an actual and justiciable controversy exists regarding Defendant's improper withholding of agency records in violation of FOIA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the Court award it the following relief:

A. Enter judgment that Defendant's failure to determine within the statutorily appointed 30 working days whether to comply with the Request and timely notify Plaintiff of such determination and its reasoning violates FOIA;

B. Enter judgment that Defendant's unlawful withholding of the records requested violates FOIA;

C. Enter an order requiring Defendant to immediately release any and all responsive and not otherwise exempt records to Plaintiff;

D. Award Plaintiff its reasonable costs and attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

E. Grant such further relief as the Court may deem just and proper.

Dated: New York, New York
August 13, 2021

Respectfully submitted,

By: /s/ Nimra H. Azmi
Nimra H. Azmi (D.C. Bar No. 1614977)
1251 Avenue of the Americas, 21st Floor
New York, NY  10020-1104
(212) 402-4072
NimraAzmi@dwt.com

*Attorney for Plaintiff Partially Important Productions, LLC*