# Exhibit A

**Description of Records Requested**

**Purpose**: Pursuant to the Freedom of Information Act (FOIA), I hereby request the following documents:   Any documents concerning settlement negotiations between the musician Lee Greenwood and USCIS (or a related agency, perhaps DHS or DOJ) over USCIS's alleged copyright infringement of Greenwood's song "God Bless the USA."   For more context: according to a report commissioned by the Department of Homeland Security and published in 2019, Lee Greenwood (or someone representing Mr. Greenwood) discovered USCIS's unauthorized use of Mr. Greenwood's song "God Bless the USA" at naturalization ceremonies. Greenwood's team subsequently barred the song from being played at naturalization ceremonies, and then entered into "costly" settlement negotiations. The report suggests that USCIS was represented by the DOJ in these negotiations. Please refer to the attached PDF, The Role of Intellectual Property in U.S. Homeland Security, pages 71 and 89: https://www.rand.org/content/dam/rand/pubs/research_reports/RR3000/RR3039/RAND_RR3039.pdf  I am also requesting a copy of the the current Naturalization Ceremony Presentation (as of January 2020), including, but not limited to: any audiovisual materials dispersed to USCIS field offices, such as powerpoints, pre-approved music videos, or scripts for presenters. This presentation is discussed in more detail here: https://www.uscis.gov/policy-manual/volume-12-part-j-chapter-5#footnotelink-11  I am willing to pay any reasonable expenses associated with this request, however, as the purpose of the requested disclosure is in full conformity with the statutory requirements for a waiver of fees, I formally request such a waiver. I request a waiver of all costs pursuant to 5 U.S.C. §552(a)(4)(A)(iii) ("Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."). Disclosure in this case meets the statutory criteria, and a fee waiver would fulfill Congress's legislative intent in amending FOIA. See Judicial Watch, Inc. v. Rossotti, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be 'liberally construed in favor of waivers for noncommercial requesters.'"). I incorporate by reference the explanation and attached materials in the above sections which demonstrates why the requested information is in the public interest. Under 32 C.F.R. 1900.13(b),  "Records will be furnished without charge or at a reduced rate whenever the Agency determines . . . (2) That it is in the public interest because it is likely to contribute significantly to the public understanding of the operations or activities of the United States Government and is not primarily in the commercial interest of the requester."  Should my request for a fee waiver be denied, I request that I be categorized as a member of the news media for fee purposes pursuant to 32 C.F.R. 1900.02(h)(3).  According to 5 U.S.C. § 552(a)(4)(A)(ii), which codified the ruling of Nat'l Security Archive v. Dep't of Defense, 880 F.2d 1381 (D.C. Cir. 1989), the term "a representative of the news media" means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience.  This is consistent with the definition provided in 32 C.F.R. 1900.02(h)(3)  As the legislative history of FOIA reveals, "It is critical that the phrase 'representative of the news media' be broadly interpreted if the act is to work as expected.  . . . In fact, any person or organization which regularly publishes or disseminates information to the public . . . should qualify for waivers as a 'representative of the news media.'" 132 Cong. Rec. S14298 (daily ed. Sept. 30, 1986) (emphasis in original quotation); and 2) "A request by a reporter or other person affiliated with a newspaper, magazine, television or radio station, or other entity that is in the business of publishing or otherwise disseminating information to the public qualifies under this provision."  132 Cong. Rec. H9463 (Oct. 8, 1986) (emphasis in original quotation)).  Therefore, in accordance with the Freedom of Information Act and relevant case law, I, Maren McGlashan, should be considered a representative of the news media.  I have the intent and ability to disseminate this significant expansion of public understanding of government operations. The public interest in this significant expansion of public understanding of government operations far outweighs any commercial interest of my own in the requested release. Accordingly, my fee waiver request amply satisfies my request for a fee waiver. Legislative history and judicial authority emphatically support this determination. For these reasons, and based upon their extensive elaboration above, I request a full waiver of fees be granted. I will appeal any denial of my request for a waiver administratively and to the courts if necessary.

**Requestor's Full Name**

System-Generated Request Letter for Digital Request (Other):  NRC2020013526REQ

| | |
|---|---|
| Family Name (Last Name) | McGlashan |
| Given Name (First Name) | Maren |
| Middle Name | |
| Organization | |

### Requestor's Mailing Address

| | |
|---|---|
| In Care of Name | Maren McGlashan/Last Week Tonight |
| Address | 555 W 57th St |
| | 8th Fl |
| City or Town | New York |
| State | NY |
| Zip Code | 10019 |
| Province | |
| Postal Code | |
| Country | UNITED STATES |

### Requestor's Contact Information

| | |
|---|---|
| Requestor's Daytime Telephone Number | +1 (828) 243-7750 |
| Requestor's Mobile Phone Number | +1 (828) 243-7750 |
| Requestor's Email Address | marenmcglashan@gmail.com |

### Processing

| | |
|---|---|
| Fees | Fee waiver requested |
| Circumstances | |