UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PARTIALLY IMPORTANT PRODUCTIONS, LLC,<br>                    Plaintiff,<br>          v.<br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br>                    Defendant. | Civil Action No. 21-2169 (TSC) |

## JOINT STATUS REPORT

1.      The parties disagree whether this matter ("*Partially Important Prods. I*") should be consolidated with Civ. A. No. 23-2145 (TSC) ("*Partially Important Prods. II*").

2.      **Defendant's Position:** These two FOIA cases are related under Federal Rule of Civil Procedure 42(a) and Local Civil Rule 40.5. Where "actions before the court involve a common question of law or fact, the court may . . . consolidate the actions" or "issue any other orders to avoid unnecessary cost or delay."  *See* Fed. R. Civ. P. 42(a). "In exercising [their] discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual or legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated." *Nat'l Ass'n of Mortg. Brokers v. Bd. of Govs. of Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. 2011). Here, consolidation is appropriate.

3.      Both *Partially Important Productions* actions arise from Plaintiff's FOIA requests to USCIS for records relating to USCIS' use of a Lee Greenwood Song, "God Bless the USA," at USCIS naturalization ceremonies. *Compare* ECF No. 1 *with* 21-2169, ECF No. 1. The same Plaintiff seeks FOIA judicial review for the same category of records from the same Defendant. Many, if not most, of the records USCIS produced in this case are responsive to Plaintiff's request for essentially the same records in the second case. *Id.* These cases are bound by the same central

question: whether FOIA processors' withholding determinations for records relating to USCIS' use of the song are proper. *See Mylan Pharms., Inc. v. Henney*, 94 F. Supp. 2d 36, 44 (D.C.C. 2000) ("consolidation is proper to any or all matters in issue which are common"). Moreover, when, as here, several requests involve common affiants or documents, consolidation is favored. *Nat'l Sec'y Counselors v. CIA*, 322 F.R.D. 41, 43 (D.D.C. 2017) ("[c]onsolidation is particularly appropriate when the actions . . . involve . . . the same witnesses . . . events or facts").

4.      The differences between these two actions do not undermine the strong justification for consolidation. Plaintiff's second request seeks virtually identical records from USCIS, with the main difference being that its scope of is temporally greater. *Compare* 21-2169, ECF No. 1-1 at 2-3, *with* 23-2145, ECF No. 1-1 at 11-12. Plaintiff entered a Stipulation (ECF No. 26) agreeing to "not dispute in any tribunal USCIS' search for records responsive to this request." Plaintiff agreed that "USCIS has no future obligation to search for and/or produce records to Plaintiff that USCIS has already produced in redacted form[.]" *Id.* Yet Plaintiff seeks the same category of records in its second request and asks USCIS to conduct essentially the same search for records related to use of "God Bless the USA" in naturalization ceremonies that USCIS completed, and largely released. Any potential delay to scheduling in one case as production is completed in the other would not be great enough to outweigh the benefits of consolidation here. *See Hanson v. District of Columbia*, 257 F.R.D. 19, 23 (D.D.C. 2009) (court must consider "the delay that not consolidating the cases would cause for the defendants and for the court"). Consolidation may ensure the requests' consistent adjudication, promote efficiency for the Court, and ensure adherence to the Stipulation.

5.      **Plaintiff's Position:** No good reason exists to delay the resolution of this two-year-old FOIA case by consolidating it with a brand-new case. The two cases concern different FOIA requests, different records, different agencies, involve different Plaintiff's counsel, and are in

different procedural postures. A district court has discretion to consolidate cases involving "a common question of law or fact." Fed. R. Civ. P. 42(a). In making this determination, a court should consider "convenience and judicial economy." *Singh v. Carter*, 185 F. Supp. 3d 11, 18 (D.D.C. 2016).[1] Here, far from advancing convenience and judicial economy, consolidation would force this near-finished case to drag after a new one. This Court should reject consolidation.

6.      ***First***, the cases should not be consolidated, because they each encompass different records and issues of law and fact would be unique to each—despite what Defendant claims. *See Murder Accountability Project v. U.S. Dep't of Just.*, No. CV 19-2478 (ABJ), 2021 WL 2682539, at *2 (D.D.C. June 30, 2021) (consolidation denied because cases "sought different documents."). While both requests superficially seek records concerning USCIS's use of "God Bless the USA," each is designed to get at totally distinct records.[2] Any potential overlap in records and issues is negated by parties' June 13, 2023 stipulation. *See* ECF No. 26, Pl.'s Ex. 1. This stipulation—which even absent consolidation binds Plaintiff in the new case—establishes that "USCIS has no future obligation to search for and/or produce records to Plaintiff" already produced or identified as withheld here. *Id.* at 2. USCIS's January 2022 correspondence confirms each request's distinct scope: USCIS counsel informed Plaintiff that in the agency's view, recent agreements (now sought

---

[1] In evaluating consolidation for FOIA cases, courts also examine the cases' procedural postures, the scopes of the FOIA requests, the government agencies involved, whether common documents are at issue, and the risk of conflicting rulings on disputed questions. *See Leopold v. U.S. Dep't of Just.*, No. 21-CV-0558 (APM), 2021 WL 2073352, at *1 (D.D.C. May 24, 2021).

[2] Here, USCIS construed the first FOIA request, ECF No. 1-1, Pl.'s Ex. 3, to encompass *only* documents relating to the copyright infringement and settlement negotiations concerning "God Bless the USA" from 2009-2013, the "contracts immediately resulting thereof", and the "2 most current naturalization presentations." Pl.'s Ex. 2 at 1-2. But the second request seeks records referencing "God Bless the USA" beyond 2009-2013. Pl.'s Ex. 4. The second request also seeks executed agreements regarding "God Bless the USA" from 2016 until the date of USCIS' search, *id.*—which is expressly outside the time period USCIS applied here. And while the original request sought as-of January 2020 current naturalization ceremonies (which did not use "God Bless the USA,"), Pl.'s Ex. 3, the new request seeks materials where USCIS used the song. *Id.*

in the second request) were *outside* of the original. Pl.'s Ex. 2. USCIS counsel wrote, "We do not agree with Plaintiff's position that recent agreements fall within the scope of the request…Plaintiff is welcome to file a new FOIA request in order to request a copy of those records." *Id.* at 1. Despite Defendant's effort to now downplay it, the difference in time period is key since it transforms the new request's scope. In short, both parties have recognized that the second request does *not* require USCIS to re-review and re-produce the same records responsive here. Nor is that Plaintiff's purpose. Thus, any USCIS-related issues in *Partially Important Prods. II* will be unique to it, erasing any risk of inconsistency or redundancy and eliminating any benefit to consolidation.

7.      ***Second,*** consolidating two cases in divergent procedural postures promotes neither convenience nor judicial economy. *See Singh*, 185 F. Supp. 3d at 26. The only question left here is Plaintiff's demand for its attorneys' fees. By contrast, not one document has been produced in the new case. Consolidation would force this case to sit on the docket unresolved for months as searches, review, productions, and potentially summary judgment, are completed in the new case.[3]

8.      ***Finally***, the difference in agency defendants in the cases pushes the scale against consolidation. *See Leopold* 2021 WL 2073352, at *1 (although each case involved DOJ, they also involved "disparate agencies," which "portend[ed] disputes…are likely to be unique to each case."). Here, while USCIS is a defendant in both cases, *Partially Important Prods. II* names DOJ and DHS as defendants, broadening its purview and diminishing any potential overlap in issues.

9.      For these reasons, this Court should decline to consolidate these two disparate actions. Plaintiff's proposed order is enclosed as Pl.'s Ex. 5.

---

[3] There is no efficiency in addressing attorneys' fees together at some distant future point. Since Plaintiff is represented by different counsel in each action, the second case involves two additional defendants, and its outcome is undetermined, attorneys' fees would still need separate resolution.

Dated:  November 20, 2023

By: /s/ *Nimra H. Azmi*
Nimra H. Azmi (D.C. Bar No. 1614977)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
(212) 402-4072
NimraAzmi@dwt.com

*Attorney for Plaintiff*
*Partially Important Productions, LLC*

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/  *Alex Schreiber*
ALEXANDER SCHREIBER, D.C. #1724820
Special Assistant U.S. Attorney, Civil Div.
601 D Street, NW, Washington, DC 20530
Phone: (202) 252-6754
Email: Alexander.Schreiber@usdoj.gov

*Counsel for Defendant*

# Def. Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PARTIALLY IMPORTANT PRODUCITONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, <br><br> Defendant. | Civil Action No. 21-2169 (TSC) |

## [DEFENDANT'S PROPOSED] ORDER

Upon consideration of the parties' Joint Status Report, it is hereby **ORDERED** that the above-captioned case shall be consolidated with *Partially Important Productions, LLC v. U.S Dep't of Justice, et al.*, Civ. A. No. 23-2145 (TSC) (D.D.C.). It is further **ORDERED** that moving forward the parties shall file papers in these two consolidated actions under civil action No. 21-2169.

**SO ORDERED.**

Date: _____          _____

                                      TANYA S. CHUTKAN
                                      United States District Judge

Plaintiff's Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PARTIALLY IMPORTANT PRODUCTIONS, LLC,<br><br>Plaintiff,<br><br>- v. -<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 21-02169 (TSC)

## JOINT STIPULATION

Plaintiff, Partially Important Productions, LLC, ("Plaintiff") and Defendant United States Citizenship and Immigration Services ("USCIS" or "Defendant" and, together with Plaintiff, "Parties"), in an effort to resolve some of the outstanding issues related to the Freedom of Information Act ("FOIA") submitted to USCIS by Plaintiff on or about January 24, 2020 (Request No. COW2020000130) (the "Request"), and by and through their attorneys, hereby stipulate as follows:

1. USCIS shall remove the FOIA Exemption 4 redactions it applied to the responsive records produced to Plaintiff by USCIS in response to Plaintiff's FOIA request number COW2020000130, which is the focus of this litigation.

2. USCIS shall remove the FOIA Exemption 5 redactions it applied to the responsive records appearing on pages 72-74 of the record file previously furnished to Plaintiff by USCIS in response to Plaintiff's FOIA request number COW2020000130. Specifically, these records consist of emails between USCIS personnel and a representative of Universal Music Group

discussing a licensing agreement between USCIS and Universal for use of Universal's song "God Bless the USA," as performed by music artist Lee Greenwood.

3. USCIS shall make a supplemental production of the reprocessed records identified in paragraphs 1 and 2 herein within 10 business days of the filing of this stipulation on the docket of the above-captioned matter.

4. In exchange for USCIS' performance of paragraphs 1-3, herein, Plaintiff agrees to the following:

    a. Plaintiff forever waives any and all claims, including any litigation or administrative proceedings (excepting its demand for fees arising from this Request and action) that Plaintiff brought or could have brought against USCIS regarding any and all records searches that USCIS conducted or will conduct in response to Plaintiff's FOIA request number COW2020000130.

    b. Plaintiff will not challenge the adequacy of USCIS's searches for records responsive to Plaintiff's FOIA request number COW2020000130, and Plaintiff will not dispute in any tribunal USCIS' searches for records responsive to this Request.

    c. Plaintiff agrees that USCIS no longer has an obligation to search for or produce any records responsive to Plaintiffs' FOIA request number COW2020000130, with the exception of the records productions described in paragraphs 1-3 herein.

    d. Plaintiff agrees that USCIS has no future obligation to search for and/or produce records to Plaintiff that USCIS has already produced in redacted form, will produce pursuant to this stipulation, or expressly identified to Plaintiff as being withheld in this case. Except for records already-produced, to be produced, or identified as withheld in this case, nothing in this agreement shall serve as a defense or a basis to withhold or

redact any records or refuse to conduct any searches in response to any other current or future FOIA requests Plaintiff submits or has submitted.

5. Plaintiff agrees to waive any and all claims, including any litigation or administrative proceedings but excepting a demand for fees arising from this Request and action, that Plaintiff brought or could have brought, against USCIS regarding its application of FOIA Exemption 6 to the records that USCIS produced to Plaintiff in response to its FOIA request number COW2020000130.

6. Plaintiff reserves the right to challenge USCIS's application of FOIA Exemption 5 to all other records USCIS produced to Plaintiffs in response to their FOIA request number COW2020000130, with the exception of the records and exemptions identified in paragraph 2 herein.

7. Defendant states that this Stipulation does not constitute an admission of liability or fault on the part of Defendant USCIS, the United States, its agents, servants, or employees, and is entered into by both Parties for the sole purpose of compromising disputed claims and avoiding the expenses and risks of further litigation. This Stipulation may not be used as evidence or otherwise in any civil or administrative action or proceeding against Defendant or the United States or any of their present or former officials, employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

8. In the event any issues arise regarding performance of this Stipulation, the Parties shall, through counsel, make reasonable efforts to resolve those issues outside of court.

9. This Stipulation shall be governed by the laws of the United States and the District of Columbia without regard to the choice of law rules utilized in that jurisdiction.

Dated:  June 13, 2023                    Respectfully submitted,


                                         By: /s/ *Nimra Azmi*
                                         Nimra H. Azmi (D.C. Bar No. 1614977)
                                         1251 Avenue of the Americas, 21st Floor
                                         New York, NY 10020-1104
                                         (212) 402-4072
                                         NimraAzmi@dwt.com

                                         *Attorney for Plaintiff Partially Important*
                                         *Productions, LLC*

                                         MATTHEW M. GRAVES, D.C. Bar. #481052
                                         United States Attorney

                                         BRIAN P. HUDAK
                                         Chief, Civil Division

                                         By: */s/ Sian Jones*
                                         SIAN JONES
                                         DC Bar # 1024062
                                         Assistant United States Attorney
                                         601 D St., N.W.
                                         Washington, D.C. 20530
                                         Phone: (202) 252-2578
                                         Fax: (202) 252-2599
                                         Email: Sian.Jones@usdoj.gov

                                         *Counsel for the United States Citizen and*
                                         *Immigration Services*

Plaintiff's Exhibit 2

**Azmi, Nimra (Contractor-NBCUniversal)**

| | |
|---|---|
| **From:** | Jones, Sian (USADC) <Sian.Jones@usdoj.gov> |
| **Sent:** | Tuesday, January 4, 2022 11:43 AM |
| **To:** | Azmi, Nimra |
| **Cc:** | Bayard, Samuel; Jones, Sian (USADC) |
| **Subject:** | RE: Case 1:21-cv-02169-TSC PARTIALLY IMPORTANT PRODUCTIONS, LLC v. USCIS - courtesy copy (partial) of production |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

[EXTERNAL]

Nimra -

Apologies again for the delay.  Please find the agency's responses to your questions below:

1. The production does not disclose any fully executed agreement between USCIS and Universal. There are redacted, unsigned license agreements, but the final agreement is not provided. As the ultimate result of the negotiations, the finally executed license agreement would be directly responsive to Part 1 of the Request. Additionally, as the downstream product of these original negotiations, we consider any more recent agreements between USCIS and Universal for *God Bless the USA* to be responsive to Part 1.
   - In regards to the copy of the agreement, we have reached back out to multiple subject matter experts within our agency, who confirmed that USCIS does not have a copy of the fully executed agreement between USCIS and Universal.  We do have a copy of the USCIS signed version of the agreement which we can provide as a supplemental release.
   - We do not agree with Plaintiff's position that recent agreements fall within the scope of the request.  Part one of the request specifically sought "settlement negotiations between Greenwood and USCIS over alleged copyright infringement." Any more recent agreements would therefore NOT fall into part 1, as the alleged copyright infringement only pertains to the negotiations surrounding the 2009-2013 infringement and contracts immediately resulting thereof.   The Plaintiff is welcome to file a new FOIA request in order to request a copy of those records.

2. The License Agreements also appear to be overly redacted. While some specific information may be redactable under (b)(4), given the nature of the document, the virtually wholesale withholding of the agreements pursuant to (b)(4) is entirely inappropriate.
   - Exemption (b)(4) is properly applied as the Licensing agreement is commercial or financial information, that was obtained from a person, and is privileged. The commercial or financial records are the property of the business (Universal Publishing), with whom we consulted during processing, as required under the FOIA and DHS regulations.   Any boilerplate information or noncommercial information was segregated and released as required.

3. The RAND Report indicates that there was some kind of initial outreach from Lee Greenwood's team to USCIS and correspondence between the two, but that was not produced. Again, such initial outreach and any ensuing communications are directly responsive to Part 1.
   - Universal Music Publishing Group owns the rights to Lee Greenwoods song "God Bless the USA", and our production includes any documents from either entity regarding outreach and negotiations with USCIS.

4. Exemption (b)(5) appears inappropriately applied to the redaction on p. 71, which seems to be a copy/paste of an email from someone at Universal. It's not clear how the email of an external party would constitute attorney-client communication, work product, or be covered by the deliberative process privilege. Accordingly, we are entitled to this information.
   o Exemption (b)(5) is properly applied on this page. The USCIS employee is paraphrasing the email chain and providing his opinion and thought process for the options being negotiated for these contracts. The positions are suggestions and recommendations that reflect the deliberative process, and do not reflect the final opinion of the agency.

5. Similarly, Exemptions (b)(5) and (b)(4) appear to be inappropriately applied to pp. 72-74 of the production.
   o Both Exemptions are properly applied on this page, for similar reasons as outlined above. Detailed commercial information is included in the analysis and deliberative information presented by the employee, and is part of the ongoing contract negotiations and deliberative process that took place within this email exchange.

6. Finally, my client and I are both having trouble locating where the *God Bless the USA* appears in the Powerpoint. We see other music files (God Bless America) but not this one. Can you please advise? If it is not in this version, will ICE provide any presentations that do incorporate *God Bless the USA*?
   o The request specifically asked for the "Current Naturalization Ceremony Presentation (as of January 2020)." We provided the 2 most current naturalization presentations and the song was not used in them.
   o We assume that Plaintiff meant to refer to USCIS, rather than ICE (as we cannot speak as to what ICE may be able to provide), but we provided the presentations as requested.

Please let me know if you have any questions and I will follow up with USCIS.

Best,
Sian


**Sian Jones**
Assistant United States Attorney
(202) 252-2578
sian.jones@usdoj.gov

---

**From:** Azmi, Nimra <NimraAzmi@dwt.com>
**Sent:** Tuesday, January 4, 2022 11:36 AM
**To:** Jones, Sian (USADC) <SJones72@usa.doj.gov>
**Cc:** Bayard, Samuel <SamuelBayard@dwt.com>
**Subject:** [EXTERNAL] RE: Case 1:21-cv-02169-TSC PARTIALLY IMPORTANT PRODUCTIONS, LLC v. USCIS - courtesy copy (partial) of production

Hi Sian,

I hope you had a good holiday. As provided to the Court in our JSR, the agency had agreed to provide responses to our questions by 12/30. It does not appear to have done so. Please advise when the agency anticipates providing responses.

Best,

Nimra


**Nimra H. Azmi** | Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor | New York, NY 10020
Tel: (212) 402-4072 | Cell: (332) 234-5199 | Fax: (212) 489-8340
Email: nimraazmi@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

**From:** Jones, Sian (USADC) <Sian.Jones@usdoj.gov>
**Sent:** Monday, December 6, 2021 9:37 AM
**To:** Azmi, Nimra <NimraAzmi@dwt.com>
**Cc:** Bayard, Samuel <SamuelBayard@dwt.com>; Jones, Sian (USADC) <Sian.Jones@usdoj.gov>
**Subject:** RE: Case 1:21-cv-02169-TSC PARTIALLY IMPORTANT PRODUCTIONS, LLC v. USCIS - courtesy copy (partial) of production

**[EXTERNAL]**

---

Good morning –

I'll share these with the agency and circle back with you after they've had a chance to review.

Best,
Sian

**Sian Jones**
Assistant United States Attorney
(202) 252-2578
sian.jones@usdoj.gov

---

**From:** Azmi, Nimra <NimraAzmi@dwt.com>
**Sent:** Friday, December 3, 2021 2:11 PM
**To:** Jones, Sian (USADC) <SJones72@usa.doj.gov>
**Cc:** Bayard, Samuel <SamuelBayard@dwt.com>
**Subject:** [EXTERNAL] RE: Case 1:21-cv-02169-TSC PARTIALLY IMPORTANT PRODUCTIONS, LLC v. USCIS - courtesy copy (partial) of production

Hi Sian,

I hope you're well and that you had a good Thanksgiving. Thank you for your patience as we conferred with our client. We have reviewed the production and have determined that there are places throughout the production where the exemptions are overbroad or where additional records and information are needed for USCIS to appropriately respond to the Request.

1. The production does not disclose any fully executed agreement between USCIS and Universal. There are redacted, unsigned license agreements, but the final agreement is not provided. As the ultimate result of the negotiations, the finally executed license agreement would be directly responsive to Part 1 of the

Request. Additionally, as the downstream product of these original negotiations, we consider any more recent agreements between USCIS and Universal for *God Bless the USA* to be responsive to Part 1.

2. The License Agreements also appear to be overly redacted. While some specific information may be redactable under (b)(4), given the nature of the document, the virtually wholesale withholding of the agreements pursuant to (b)(4) is entirely inappropriate.

3. The RAND Report indicates that there was some kind of initial outreach from Lee Greenwood's team to USCIS and correspondence between the two, but that was not produced. Again, such initial outreach and any ensuing communications are directly responsive to Part 1.

4. Exemption (b)(5) appears inappropriately applied to the redaction on p. 71, which seems to be a copy/paste of an email from someone at Universal. It's not clear how the email of an external party would constitute attorney-client communication, work product, or be covered by the deliberative process privilege. Accordingly, we are entitled to this information.

5. Similarly, Exemptions (b)(5) and (b)(4) appear to be inappropriately applied to pp. 72-74 of the production.

6. Finally, my client and I are both having trouble locating where the *God Bless the USA* appears in the Powerpoint. We see other music files (God Bless America) but not this one. Can you please advise? If it is not in this version, will ICE provide any presentations that do incorporate *God Bless the USA*?

Please let us know your client's position as to providing the additional information and records requested herein. I am happy to discuss next week if helpful. Have a great weekend.

Best,

Nimra


**Nimra H. Azmi** | Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor | New York, NY 10020
Tel: (212) 402-4072 | Cell: (332) 234-5199 | Fax: (212) 489-8340
Email: nimraazmi@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Jones, Sian (USADC) <Sian.Jones@usdoj.gov>
**Sent:** Thursday, November 4, 2021 5:29 PM
**To:** Azmi, Nimra <NimraAzmi@dwt.com>
**Cc:** Bayard, Samuel <SamuelBayard@dwt.com>; Jones, Sian (USADC) <Sian.Jones@usdoj.gov>
**Subject:** RE: Case 1:21-cv-02169-TSC PARTIALLY IMPORTANT PRODUCTIONS, LLC v. USCIS - courtesy copy (partial) of production

**[EXTERNAL]**

Thanks!  This looks fine to me.  I'll file a clean copy tomorrow.

Best,
Sian

Plaintiff's Exhibit 3

## Description of Records Requested

**Purpose**: Pursuant to the Freedom of Information Act (FOIA), I hereby request the following documents:   Any documents concerning settlement negotiations between the musician Lee Greenwood and USCIS (or a related agency, perhaps DHS or DOJ) over USCIS's alleged copyright infringement of Greenwood's song "God Bless the USA."   For more context: according to a report commissioned by the Department of Homeland Security and published in 2019, Lee Greenwood (or someone representing Mr. Greenwood) discovered USCIS's unauthorized use of Mr. Greenwood's song "God Bless the USA" at naturalization ceremonies. Greenwood's team subsequently barred the song from being played at naturalization ceremonies, and then entered into "costly" settlement negotiations. The report suggests that USCIS was represented by the DOJ in these negotiations. Please refer to the attached PDF, The Role of Intellectual Property in U.S. Homeland Security, pages 71 and 89: https://www.rand.org/content/dam/rand/pubs/research_reports/RR3000/RR3039/RAND_RR3039.pdf  I am also requesting a copy of the current Naturalization Ceremony Presentation (as of January 2020), including, but not limited to: any audiovisual materials dispersed to USCIS field offices, such as powerpoints, pre-approved music videos, or scripts for presenters. This presentation is discussed in more detail here: https://www.uscis.gov/policy-manual/volume-12-part-j-chapter-5#footnotelink-11  I am willing to pay any reasonable expenses associated with this request, however, as the purpose of the requested disclosure is in full conformity with the statutory requirements for a waiver of fees, I formally request such a waiver. I request a waiver of all costs pursuant to 5 U.S.C. §552(a)(4)(A)(iii) ("Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."). Disclosure in this case meets the statutory criteria, and a fee waiver would fulfill Congress's legislative intent in amending FOIA. See Judicial Watch, Inc. v. Rossotti, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be 'liberally construed in favor of waivers for noncommercial requesters.'"). I incorporate by reference the explanation and attached materials in the above sections which demonstrates why the requested information is in the public interest. Under 32 C.F.R. 1900.13(b),  "Records will be furnished without charge or at a reduced rate whenever the Agency determines . . . (2) That it is in the public interest because it is likely to contribute significantly to the public understanding of the operations or activities of the United States Government and is not primarily in the commercial interest of the requester."  Should my request for a fee waiver be denied, I request that I be categorized as a member of the news media for fee purposes pursuant to 32 C.F.R. 1900.02(h)(3).  According to 5 U.S.C. § 552(a)(4)(A)(ii), which codified the ruling of Nat'l Security Archive v. Dep't of Defense, 880 F.2d 1381 (D.C. Cir. 1989), the term "a representative of the news media" means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience.  This is consistent with the definition provided in 32 C.F.R. 1900.02(h)(3)  As the legislative history of FOIA reveals, "It is critical that the phrase 'representative of the news media' be broadly interpreted if the act is to work as expected.  . . . In fact, any person or organization which regularly publishes or disseminates information to the public . . . should qualify for waivers as a 'representative of the news media.'"  132 Cong. Rec. S14298 (daily ed. Sept. 30, 1986) (emphasis in original quotation); and 2) "A request by a reporter or other person affiliated with a newspaper, magazine, television or radio station, or other entity that is in the business of publishing or otherwise disseminating information to the public qualifies under this provision."  132 Cong. Rec. H9463 (Oct. 8, 1986) (emphasis in original quotation)).  Therefore, in accordance with the Freedom of Information Act and relevant case law, I, Maren McGlashan, should be considered a representative of the news media.  I have the intent and ability to disseminate this significant expansion of public understanding of government operations. The public interest in this significant expansion of public understanding of government operations far outweighs any commercial interest of my own in the requested release. Accordingly, my fee waiver request amply satisfies my request for a fee waiver. Legislative history and judicial authority emphatically support this determination. For these reasons, and based upon their extensive elaboration above, I request a full waiver of fees be granted. I will appeal any denial of my request for a waiver administratively and to the courts if necessary.

*Requestor's Full Name*

**System-Generated Request Letter for Digital Request (Other): NRC2020013526REQ**

| | |
|---|---|
| Family Name (Last Name) | McGlashan |
| Given Name (First Name) | Maren |
| Middle Name | |
| Organization | |

*Requestor's Mailing Address*

| | |
|---|---|
| In Care of Name | Maren McGlashan/Last Week Tonight |
| Address | 555 W 57th St |
| | 8th Fl |
| | |
| City or Town | New York |
| State | NY |
| Zip Code | 10019 |
| Province | |
| Postal Code | |
| Country | UNITED STATES |

*Requestor's Contact Information*

| | |
|---|---|
| Requestor's Daytime Telephone Number | +1 (828) 243-7750 |
| Requestor's Mobile Phone Number | +1 (828) 243-7750 |
| Requestor's Email Address | marenmcglashan@gmail.com |

**Processing**

| | |
|---|---|
| Fees | Fee waiver requested |
| | |
| Circumstances | |

Plaintiff's Exhibit 4

# LOEVY & LOEVY

311 N. Aberdeen St., 3rd Floor, Chicago, Illinois 60607

Submitted via USCIS FOIA Portal

April 19, 2023

**Re: FOIA Request on behalf of Partially Important Productions**

Hello,

Our firm represents Partially Important Productions. We make this request on behalf of Partially Important Productions. At all times relevant to the processing of this request, Partially Important Productions should be considered as the FOIA Requester.

Pursuant to the Freedom of Information Act, Partially Important Productions seeks following:

- Emails, letters, memoranda, and other communications, including attachments, sent or received by USCIS employees referencing use of the song "God Bless the USA" by USCIS, including without limitation internal communications at USCIS, communications with DOJ, DHS, or other federal agencies or components, and communications with Lee Greenwood, Universal Music Group, Peer Music, or attorneys or other agents who indicated that they represent Universal Music Group, Peer Music, or Lee Greenwood with regard to the communications.
- Records referencing or created in the course of license negotiations regarding "God Bless the USA."
- Executed agreements, including settlement and license agreements or other agreements, to which the United States or any of its agencies or components are parties, referencing or applicable to "God Bless the USA." The time frame for search for this portion of the request is from January 1, 2016, through the date of your search.
- All records, including communications and correspondence, in which USCIS was asked to cease its use of "God Bless the USA"; and
- All records reflecting or referencing USCIS' use of "God Bless the USA," including but not limited to naturalization ceremony presentations or pamphlets referencing "God Bless the USA."

Partially Important Production seeks a waiver of document search, review, and duplication fees on the grounds that disclosure of the information requested "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. §552(a)(4)(A)(iii). And indeed, "Congress amended FOIA to ensure that it be 'liberally construed in favor of waivers for noncommercial requesters.'" *See Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) (internal citations omitted). The requested records detail the violation of copyright law by a federal agency and the expending of public

# Exhibit 5

funds to resolve that error. Members of the American public have a significant and urgent interest in this information.

Even if a fee waiver should not be granted, fees should be "limited to reasonable standard charges for duplication" because Partially Important Productions is a "representative of the news media." "A request by a reporter or other person affiliated with a newspaper, magazine, television or radio station, or other entity that is in the business of publishing or otherwise disseminating information to the public qualifies under this provision." 132 Cong. Rec. H9463 (Oct. 8, 1986) (emphasis in original quotation). Partially Important Productions produces "Last Week Tonight with John Oliver," a television news show aired nationally, and has the ability to disseminate any information responsive to this Request to the public. Therefore, Partially Important Productions is a member of the media and entitled to limited reasonable fees in the event Partially Important Productions denied a fee waiver.

If you have any questions regarding this Request, you may reach me at matt@loevy.com and eun@loevy.com.

Best,

Matt Topic,
on behalf of Partially Important Productions

Plaintiff's Exhibit 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PARTIALLY IMPORTANT PRODUCTIONS, LLC,<br><br>              Plaintiff,<br><br>      v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>              Defendant. | Civil Action No. 21-2169 (TSC) |

**PLAINTIFF'S [PROPOSED] ORDER**

Upon consideration of the parties' Joint Status Report, it is hereby **ORDERED** that the above-captioned case will not be consolidated with *Partially Important Productions, LLC v. U.S. Dep't of Justice, et al.,* Civ. A. No. 23-2145 (TSC) (D.D.C.). The parties shall file their next joint status report on or before December 20, 2023 updating the Court on the status of their negotiations pertaining to Plaintiff's attorneys' fees.

**SO ORDERED.**

Date: _____

                                    _____
                                    TANYA S. CHUTKAN
                                    United States District Judge